# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OMAR SALCEDO,<br># R17299,<br><br>        Plaintiff,<br><br>vs.<br><br>JACQUELINE LASHBROOK,<br>GAIL WALLS,<br>JOHN BALDWIN, and<br>IDOC,<br><br>        Defendants. | Case No. 19-cv-00283-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Omar Salcedo, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Western Illinois Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, which occurred during his time at Menard Correctional Center ("Menard"). He seeks monetary damages.

The Court must review the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

## THE COMPLAINT

Plaintiff makes the following allegations in the Complaint: Plaintiff is missing three teeth on the upper right side of his mouth making it difficult for him to chew. Doc. 1, p. 9, 18. He requested a dental partial for the right upper side of his mouth, and in December 2018, Dr. Asselmeier, a dentist at Menard, informed Plaintiff that in order to receive a partial, he must first pay a $125.00 lab fee. *Id.,* p. 7. Plaintiff is indigent and claims that this mandatory fee is contrary to Illinois state law, which states that indigent inmates are not required to pay for medical needs. *Id.* Plaintiff is currently not working and states that he spends the state pay he receives on hygiene items, paper, and pens and that he does not have enough to make his necessary purchases. *Id.*, pp. 7, 9, 17. Plaintiff claims Dr. Asselmeier is acting with prejudice and bias towards him, as an indigent person, by requiring him to pay a lab fee prior to receiving a dental partial because other inmates have received medical treatments at outside hospitals and dental partials without having to pay. *Id.,* pp. 7-8. By requiring him to pay a fee, Dr. Asselmeier is being negligent and deliberately indifferent to Plaintiff's serious medical need. *Id.*

Plaintiff filed a grievance on December 13, 2018, which was forwarded to Dr. Asselmeier for review. *Id.,* p. 16. Dr. Asselmeier again refused to grant a dental partial without prior payment. *Id.* Plaintiff claims that although he received a response of the denial from a grievance officer, the officer failed to do his duty by solving Plaintiff's problem. *Id.,* p. 15.

## DISCUSSION

Based on the allegations in the Complaint, the Court finds it convenient to delineate the claims in this case into the following three Counts:

**Count 1:** Fourteenth Amendment equal protection claim for discrimination against Plaintiff based on indigency.

> **Count 2:** Eighth Amendment claim of deliberate indifference of a serious medical need for requiring a denture lab fee prior to receiving a dental partial.
>
> **Count 3:** Fourteenth amendment procedural due process claim regarding the review of his grievance.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

For the reasons that follow, the Court finds that Plaintiff's Complaint, as currently drafted, fails to state a claim and must be dismissed.

First, Plaintiff identifies Jacqueline Lashbrook, Gail Walls, John Baldwin, and IDOC as defendants in the case caption, but he does not describe how they violated his constitutional rights. In fact, these individuals are not referenced in the statement of claim at all. Federal Rule of Civil Procedure 8(a)(2) requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Merely invoking the name of a potential defendant by listing him or her in the case caption is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Absent any allegations describing what Lashbrook, Walls, or Baldwin did or failed to do in violation of Plaintiff's constitutional rights, claims against these individuals cannot proceed and must be dismissed without prejudice for failure to state a claim.

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Further, Counts 1 through 3 against IDOC must be dismissed because as a state government agency, it is immune from suit under Section 1983. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 218, 220 n. 3 (7th Cir. 1990) (same). Thus, any claims against IDOC are dismissed with prejudice.

In the Complaint, Plaintiff directs allegations against Dr. Asselmeier and the grievance officer. But neither of these individuals is listed in the case caption. The Court will not treat individuals not listed in the caption as defendants, and any claims against them are considered dismissed without prejudice. *See Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (to be properly considered a party a defendant must be "specif[ied] in the caption").

In light of these deficiencies, Plaintiff's Complaint does not survive preliminary review and shall be dismissed. If he wishes to pursue his claims, Plaintiff must file an amended complaint describing *how* Lashbrook, Walls, and Baldwin violated his rights, keeping in mind that in Section 1983 actions, there is no supervisory liability. To be held individually liable a defendant must be "'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). He should explain what each defendant did or failed to do, in response. Additionally, if he wishes to pursue claims against Dr. Asselmeier and John Doe Grievance Counselor, they too should be listed in the case caption.

## DISPOSITION

**IT IS ORDERED** that the Complaint (including Counts 1, 2, and 3) is **DISMISSED** without prejudice against **LASHBROOK, WALLS,** and **BALDWIN** for failure to state a claim for relief. The Complaint is **DISMISSED** with prejudice as to **IDOC**.

**IT IS ORDERED** that Defendants **LASHBROOK, WALLS, BALDWIN,** and **IDOC** are **DISMISSED** from the action.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **June 19, 2019**. Should Plaintiff fail to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 19-cv-00283-NJR). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was

incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a First Amended Complaint. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** May 16, 2019

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**